**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**ALEXANDER NATHANIEL PENN,**

        **Petitioner,**

**v.**                                                                 **Civil Action No. 3:21-CV-167**
                                                                       **(GROH)**

**RYAN MCCAFFREY,**

        **Respondent.**


**<u>REPORT AND RECOMMENDATION</u>**

### I.   INTRODUCTION

On October 14, 2021, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1.  On November 2, 2021, Petitioner paid the filing fee.  ECF No. 8.   Petitioner is currently a federal inmate housed Hazelton FCI in the Northern District of West Virginia.  He is challenging the validity of his conviction and sentence imposed in the United States District Court for the Northern District of Ohio, case number 1:06-CR-14.  <u>Id.</u>

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2.  For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

## II.    FACTUAL AND PROCEDURAL HISTORY[1]

### A.    Conviction and Sentence

On January 5, 2006, a grand jury indicted Petitioner and charged him in the Northern District of Ohio, case number 1:06-CR-14.  ECF No. 1.  A superseding indictment was returned on April 26, 2006, which charged Petitioner with two counts of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. 922(g)(1). ECF No. 17.  The superseding indictment stated that Petitioner had previously been convicted of the following four prior offenses which were punishable by imprisonment for a term exceeding one year:

> (1) Attempted robbery, in case number 311704, in the Cuyahoga County Common Pleas Court, on or about July 13, 1994;

> (2) Attempted robbery, in case number 306007, in the Cuyahoga County Common Pleas Court, on or about July 13, 1994;

> (3) Robbery, in case number 346625, in the Cuyahoga County Common Pleas Court, on or about April 22, 1997; and

> (4) Aiding and abetting illegal conveyance into detention facility, in case number 01-CR742D, in the Richland County Common Pleas Court, on or about December 30, 2002, did knowingly possess in and affecting interstate and foreign commerce a firearm, to-wit: a Russian IMEZ, .380 caliber semi-automatic pistol, serial number BCK3108, and 15 rounds of Winchester brand .380 caliber ammunition.

Id. at 1 – 2.

On June 26, 2006, Petitioner entered a plea of guilty to Count 1 of the superseding indictment with the understanding that Count 2 would be dismissed at sentencing.  See

---

[1]  All CM/ECF references in facts sections II.A, II.B. and II.C., refer to entries in the docket of Criminal Action No. 1:06-CR-14, in the Northern District of Ohio.

June 26, 2006, unnumbered docket entry.  Petitioner was sentenced as an Armed Career Criminal on October 18, 2006, to a below-Guidelines[2] term of 108 months of imprisonment on Count 1 of the superseding indictment, followed by a five-year period of supervised release.  ECF Nos. 28, 34 at 32 – 45.  Count 2 of the superseding indictment was dismissed.  Id.

Following his release from incarceration to supervised release, on October 2, 2017, Petitioner admitted that he violated[3] the conditions of his supervised release.  ECF No. 75.  On October 10, 2017, the district court sentenced Petitioner to an additional term of 60 months to be served consecutively to any other sentence.  Id.

### B.    Direct Appeal

A review of the docket and PACER shows that Petitioner did not file a direct appeal of his initial conviction and sentence.

On October 23, 2017, Petitioner filed a notice of appeal of his additional five-year sentence.  ECF No. 77.

---

[2]  The sentencing court noted that the advisory Guideline sentence ranged from 130 to 162 months.  ECF No. 34 at 43:7 – 8.

[3]  In a later filing, the Government summarized Petitioner's violation of his supervised release:

On September 13,2016, while on supervision, a federal grand jury charged Penn in a single-count indictment with aiding and abetting bank robbery, in violation of Title 18, Sections 2 and 2113(a), United States Code. (NDOH 1:16CR298, R. 3: Indictment, Page ID 43). On February 28, 2017, Penn pled guilty to the indictment in that case. (NDOH 1:16CR298, [ ] Minutes of Plea Hearing, dated February 28, 2017). On May 31, 2017, the district court filed a judgment sentencing Penn to 78 months of incarceration in his new bank robbery case. (NDOH 1:16CR298, R. 44: Judgment, Page ID 262-69).

ECF No. 105 at 2.

### C.      Post-Conviction Relief: Motions to Vacate Under 28 U.S.C. § 2255

#### 1.      First Motion to Vacate, filed November 13, 2007

Petitioner filed his first § 2255 motion on November 13, 2007.  ECF No. 30.  The motion asserted four grounds for relief, that: (1) Petitioner was denied effective assistance of counsel when his attorney failed to research his prior criminal history and failed to argue that a prior conviction was not a qualifying serious drug offense under the Armed Career Criminal Act (ACCA); (2) his guilty plea "was illusory where terms required him to plead guilty to being a felon in possession of a firearm in exchange for the dismissal of Count Two which lists four prior convictions used for 924(e) enhancements, where those offenses were still used to enhance Petitioner's sentence under the ACCA"; (3) that he is entitled to be resentenced because his counsel was ineffective in failing to argue that Petitioner's prior convictions did not qualify as violent felonies for ACCA sentence enhancement; and (4) Petitioner's conviction under § 922(g) was unconstitutional.  ECF Nos. 30, 41 at 2 – 3.  The district court entered a memorandum of opinion and order as to the motion to vacate on February 27, 2009, finding that Petitioner received effective assistance of counsel as to both his claims[4], that Petitioner's claim that his guilty plea was illusory was without merit, and Petitioner's conviction was proper because the government was able to prove all elements of the offense, including interstate commerce, in that the firearm listed in Count One was manufactured in another country, shipped to Texas, and the ammunition was manufactured in Illinois.  ECF No. 41.

---

[4]  The court specifically found that Petitioner had three previous convictions for violent felonies, and that the appropriate documentation for each prior conviction was provided to the court.  ECF No. 41 at 6.

### B.    Second Motion to Vacate filed November 2, 2016

Petitioner filed a second motion to vacate on November 2, 2016, citing "newly found evidence", and arguing that he was improperly sentenced under the ACCA in light of Johnson v. United States, 135 S.Ct. 2551 (2015).  ECF No. 55.  The motion was transferred to the United States Court of Appeals for the Sixth Circuit, as a second or successive motion under § 2255.  ECF No. 56.  On October 25, 2017, the Sixth Circuit granted Petitioner permission to pursue a successive § 2255 motion.  ECF No. 94 at 1.

However, on November 30, 2017, the district court denied the motion [ECF No. 55] to vacate, set aside or correct sentence as moot because there was no relief that Petitioner could obtain from the court.  ECF No. 80.  The district court's order noted that Petitioner was released from BOP custody to supervised release on January 24, 2014, and that "[o]rdinarily, this release would not moot the petition because success could possibly shorten Penn's term of supervised release.  However, prior to this Court receiving this matter back from the Sixth Circuit, Penn violated the terms of his supervised release."  Id. at 1.

On January 2, 2018, Petitioner filed a notice of appeal to the Sixth Circuit of the November 30, 2017, denial of his second motion to vacate.  ECF No. 84.  The Sixth Circuit denied Petitioner's request for a certificate of appealability on May 31, 2018.  ECF No. 94.  Petitioner then pursued a consolidated appeal[5], which raised two issues, and which the Sixth Circuit granted in part.  Sixth Circuit, docket 18-3010, ECF No. 40-2.  The Sixth Circuit found that the district court improperly found that Petitioner's § 2255

---

[5]   The consolidated appeal consisted of Petitioner's "appeal from the dismissal of [his second] § 2255 motion with his separate appeal from the new sentence following the revocation of his supervised release."  ECF No. 115 at 2.

motion was moot and remanded that matter for further proceedings, and affirmed the district court's revocation order in the direct appeal.  Id.

On remand, the district court again considered Petitioner's second motion to vacate.  On August 28, 2020, the district court granted the Government's motion to dismiss the successive § 2255 as untimely, and dismissed the petition.  ECF No. 108.

Petitioner filed a notice of appeal on October 23, 2020.  ECF No. 111.  The Sixth Circuit denied Petitioner's application on February 17, 2021.  ECF No. 115.  In its order denying relief, the Sixth Circuit found that Petitioner's challenge raised under Johnson was untimely, and that equitable tolling did not apply.  Id. at 3.

### 3.    Third Motion to Vacate filed May 23, 2022

Petitioner filed a third motion to vacate on May 23, 2022, arguing that he is entitled to relief because: (1) his prior Ohio convictions do not qualify as violent felonies in light of Borden v. United States, 141 S.Ct. 1817 (2021); (2) the ruling in Borden constitutes "new evidence" which did not exist prior to sentencing; (3) his additional 60-month sentence for violating his supervised release is unconstitutional based on "numerous Supreme Court retroactive rulings"; (4) his ACCA designation violated his Fifth and Eighth Amendment rights.  ECF No. 119. That motion was transferred to the Sixth Circuit on May 25, 2022, for that court to determine whether to grant Petitioner permission to file a second or successive motion under § 2255.  ECF No. 120.  The matter remains pending before the Sixth Circuit.

### D.    Claims in Instant § 2241 Petition

In the Court-approved form filed herein, Petitioner asserted the following four grounds for relief, that: (1) his Armed Career Criminal designation under 18 U.S.C. §

924(e) was unconstitutional; (2) that an additional five-year sentence ordered to be served consecutively to his underlying sentence, for violating the terms of his supervised release, was unconstitutional; (3) that Petitioner's additional five-year term violated his Eighth Amendment rights; and (4) that both Supreme Court and Sixth Circuit Court of Appeals decisions have invalidated his sentence, because pursuant to those rulings Petitioner's underlying offenses no longer qualify as crimes of violence for purposes of Armed Career Criminal sentence enhancement.  ECF No. 1 at 5 – 7.  For relief, Petitioner requests his conviction be vacated, that he be resentenced to time served, and that the five-year term imposed for violating supervised release be suspended.  Id. at 8, 1-1 at 5.

### III.    LEGAL STANDARDS

#### A.    Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.    Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is

required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in <u>Neitzke</u> recognized that:

> Section 1915(d)[6] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

<u>Id.</u> at 327.

## IV.    ANALYSIS

Petitioner's four claims essentially assert three grounds for relief, that: (1) he was improperly designated as an Armed Career Criminal; (2) that his additional 60-month sentence imposed for violation of supervised release was broadly unconstitutional, and specifically violated his Eighth Amendment rights; and (3) based on subsequent court decisions, the prior offenses which were used to designate him as an Armed Career

---

[6] The version of 28 U.S.C. § 1915(d) which was effective when <u>Neitzke</u> was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Criminal are no longer qualifying offenses for such a designation.  Petitioner asks that he both have his conviction and sentence vacated, and that a new sentence be imposed.

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).  In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated.  Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[7] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[7]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[8] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>.  <u>See</u> <u>United States v. Wheeler</u>, 886 F.3d 415, 428 (4th Cir. 2018); <u>In re Jones</u>, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

---

States is removed, if the movant was prevented from making a motion by such governmental action;

c.      The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

d.      The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[8] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

In re Jones, 226 F.3d at 333–34.  When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.  Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

Petitioner indicated on the Court-approved form that he is challenging his conviction, and to the extent that his challenge to his supervised release violation can be considered a challenge to his conviction, the Court will perform the Jones analysis. Because Petitioner is challenging his conviction in a § 2241, he must meet all three prongs of the Jones test to challenge his conviction for this Court to have jurisdiction to hear his challenge on the merits.

11

In this case, even if Petitioner meets the first and third prongs of the <u>Jones</u> test, he cannot meet the second prong.  Subsequent to Petitioner's direct appeal and first section 2255 motion, the substantive law related to the conduct of which Petitioner was convicted has not changed so that that conduct is no longer deemed to be criminal.  The crime Petitioner was convicted of committing—possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)[9]—is still a violation of law.  Therefore, Petitioner cannot satisfy  the second prong of <u>Jones</u>.  Because Petitioner in attacking the validity of his conviction fails to establish that he meets the <u>Jones</u> requirements, he has not demonstrated that a section 2255 petition is an inadequate or ineffective remedy, and he cannot meet the savings clause.  Accordingly, Petitioner cannot satisfy the savings clause of § 2255(e) under <u>Jones</u>, his challenge to his conviction may not be considered under § 2241, and this Court is without jurisdiction to consider his petition on that ground.

Petitioner's request for relief as to his sentence under § 2241 is also unavailable.  Petitioner claims that his sentence is invalid because the prior convictions were improperly used to designate him as an Armed Career Criminal, and thus his sentence was improperly enhanced.  However, Petitioner has already raised and been denied relief on this ground in his first § 2255 motion to vacate in the court of conviction.  He now raises the issue again in this § 2241 claim.  Because Petitioner's direct appeal rights have expired and Petitioner has already filed more than one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause.  However,  because  Petitioner's  argument  does  not  rely  on

---

[9]  The residual clause of 18 U.S.C. § 924(c)(3)(B) was abrogated and held unconstitutional by the holding of <u>United States v. Davis</u>, 139 S.Ct. 2319 (2019).  The remaining provisions of the § 924 remain in full force and effect.

newly discovered evidence or a new rule of constitutional law[10], relief under 28 U.S.C. § 2255(h) is inappropriate.  Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

As to Petitioner's claims that his sentence was improperly enhanced, even if Petitioner meets the first prong of Wheeler, Petitioner cannot meet the second prong, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review.[11]  The substantive law regarding § 922(g)(1) has not changed.  The crime Petitioner was convicted of committing—being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)—is still a violation of law. Further, the additional 5-year sentence imposed for a violation of supervised release, was for Petitioner's conviction for aiding and abetting bank robbery while he was on supervised release.  Thus, there is nothing to apply retroactively on collateral review, and Petitioner fails to satisfy the second prong of the Wheeler test.  Accordingly, because Petitioner fails to meet this requirement of the Wheeler test, the undersigned need not address the other prongs of Wheeler.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to

---

[10]  Petitioner claims that pursuant to Borden v. United States, 141 S.Ct. 1817 (2021), "[t]he residual clause has changed [and] the active employment of force necessary to qualify as a 'violent felony' has been redefined by both retroactive Supreme Court rulings and Appeals court opinions."  ECF No. 1 at 6 – 7. However, Borden has not been held to apply retroactively.

[11]  As noted above, although Petitioner asserts there has been a change in the law to support his claims for relief, that change has not been deemed to apply retroactively on collateral review.

consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the amended petition [ECF No. 7] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

It is further **RECOMMENDED** that Petitioner's motions for status hearings [ECF Nos. 11, 12] be **TERMINATED as MOOT.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

14

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:      July 15, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

15