IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ALEXANDER NATHANIEL PENN,**

    Petitioner,

v.                                           CIVIL ACTION NO.: 3:21-CV-167
                                                   (GROH)

**RYAN MCCAFFREY,**

    Respondent.

### ORDER ADOPTING THE MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on July 15, 2022. ECF No. 13. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court dismiss the Petitioner's Petition without prejudice. The Petitioner timely filed objections to the R&R on August 1, 2022. ECF No. 15. Accordingly, this matter is now ripe for adjudication.

**I. BACKGROUND**

On February 22, 2022, Alexander Nathaniel Penn ("Petitioner"), filed a Petition listing four grounds for relief. ECF No. 1. The Petitioner asserts that (1) he no longer should be considered an armed career criminal; (2) his five-year revocation sentence is unconstitutional; (3) this term violates the Eighth Amendment; and (4) his sentence has

been invalidated by the Sixth Circuit and Supreme Court. The nucleus tying these arguments together is the Petitioner's argument that he should no longer considered an armed career criminal because of the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015). Upon reviewing the record, the Court finds that the background and facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts herein.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v.

Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented little new material facts or arguments in his objections to the magistrate judge's R&R. The Petitioner's objections largely reiterate the arguments presented to the magistrate judge in his Petition. See ECF No. 1.

The only new argument Petitioner advances that specifically addresses the R&R in on page four. The Petitioner contends that his underlying conduct is no longer criminal and relies upon Borden v. United States, 141 S. Ct. 1817 (2021) to meet his burden on the second prong of the Magistrate Judge's Jones analysis. See In re Jones, 226 F.3d 328 (4th Cir. 2000). However, as the Sixth Circuit explained in its recent Order denying the Petitioner's request to file a third § 2255 motion, Neither Borden, nor Johnson or Taylor save his case from its fundamentally flawed procedural posture.

As to the remainder of the Petitioner's objections, the Court finds that *de novo* review is not required because the objections present no new legal arguments, and the factual presentation was properly considered by the magistrate judge in his R&R. See Taylor, 32 F. Supp. 3d 253, 260-61.

### IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 13] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Thus, the

Petitioner's Petition is **DISMISSED WITH PREJUDICE**. ECF No. 1. The Petitioner's Motions for Status Hearings are **DENIED AS MOOT**. ECF Nos. 11 & 12. This case is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record and to the *pro se* Petitioner, by certified mail, at his last known address as reflected upon the docket sheet.

**DATED:** February 9, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE